IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01150-REB-MEH

EDUARDO A. JOHNSON,

Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF'S DEPT.,
Officers: MARK ORTLER,
MATT WALKER,
ROB HOFFMAN,
JON SCHOTT, and
DENNIS ERICKSON,

Defendants.

---

RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

---

Defendants have filed a Motion to Dismiss [Filed November 17, 2006; Docket #20] alleging that this case be dismissed for failure of service of process, presumably pursuant to Fed. R. Civ. P. 12(b)(5), because Defendants were served by certified mail instead of personal service. The motion is fully briefed and has been referred to this Court for a recommendation. For the following reasons, the Court **recommends** that the Motion to Dismiss be **granted**.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States*

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## DISCUSSION AND ANALYSIS

### I. Standard of Review.

Under the provisions of Fed.R.Civ.P. 12(b)(5), the Court may dismiss a complaint for insufficient service of process. When sufficiency of service of process is challenged by proper motion, the burden is on the plaintiff to present a prima facie case that he has satisfied statutory and due process requirements which will allow the Court to exercise personal jurisdiction over a defendant. *Cf. Intercon, Inc. v. Bell Atlantic Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000); *see also Pope v. Boy Scouts of America*, 2006 WL 3199423, at *1 (D. Kan. 2006). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (internal quotation omitted).

### II. Defendants' Motion to Dismiss.

The Complaint in this action was filed on June 16, 2006. Plaintiff served Defendants by certified mail. Plaintiff was informed by defense counsel almost four months ago, on October 6, 2006, that service by certified mail was insufficient. Despite being given the opportunity to provide proper service, Plaintiff refused to change his position that he had already served Defendants properly. Indeed, even in response to the Motion to Dismiss, Plaintiff refuses to effect proper service,

instead insisting that he is correct.

One Defendant is a governmental organization, which, pursuant to Fed. R. Civ. P. 4(j)(2) may be served by delivering a copy of the summons and complaint to its chief executive officer, or by complying with any applicable provision of Colorado law. Colorado law does not provide for service by certified mail. *See* Colo. R. Civ. P. 4. Therefore, Plaintiff's attempt at service on the Arapahoe County Sheriff's Office is defective.

The remaining Defendants are individuals. Fed. R. Civ. P. 4(e)(2) states that service upon individuals must be accomplished by personal service or by complying with any applicable provision of Colorado law. Under Fed. R. Civ. P. 4(d)(2)(B), the Plaintiff may also attempt to serve individuals by United States mail requesting waiver of service, but if the waiver of service is not returned by the individuals, Plaintiff still must effect personal service, although Defendants will be responsible for the costs.

> Rule 4(d) merely provides a means by which a defendant can avoid bearing the cost of service of the summons. The Rule provides that if a defendant does not waive service after a plaintiff has so requested in accordance with the Rule, the defendant shall then be responsible for the costs incurred in effecting service on him, unless the defendant can show good cause for not complying with the request for waiver of service.

*Pollock v. Vista Village Mobile Home Park*, No. 00-1008, 2000 WL 1271062, *1 (10th Cir. Sept. 7, 2000). Defendants did not return any waivers of service here (indeed, it is not clear whether the Defendants were properly informed of all information required by Rule 4(d)(2)). Colorado law does not provide for service by certified mail. Therefore, Plaintiff's attempt at service on the individual Defendants is defective.

Generally, courts allow a plaintiff the opportunity to cure defects in service of process, rather than dismissing the complaint. *See Pope*, 2006 WL 3199423, at *3 (citing *Gregory v. U.S. Bankr, Court*, 942 F.2d 1498, 1500 (10th Cir. 1991)). However, in this case, the Plaintiff has been given

multiple warnings about effecting service. He has ignored each warning. He steadfastly insists that service is proper despite the clear language of the federal rules. The case was filed almost eight months ago, nearly twice the time of the requirements of Rule 4 concerning service of process. Dismissal is appropriate at this time. *E.g., Board of Regents v. Fellman,* 153 Fed. Appx. 505, 506-07 (10th Cir. 2005) (holding that if a plaintiff requests an extension of time to serve and shows good cause, the district court must grant it, and if the plaintiff fails to show good cause, the district court should consider a permissive extension or may, in its discretion, dismiss the case without prejudice). This is so because no good cause has been shown here for the failure to timely serve and, indeed, Plaintiff has not even attempted to show good cause or to request any extension of time whatsoever. Plaintiff has not complied with the requirements of Fed. R. Civ. P. 4(m), and it has been approximately 220 days since the Complaint was filed.

## CONCLUSION

For the foregoing reasons, it is hereby **recommended** that Defendants' Motion to Dismiss [Filed November 17, 2006; Docket #20] be **granted**, and that the Complaint be **dismissed** in its entirety without prejudice.

Dated at Denver, Colorado, this 29th day of January, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge